# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| IBEW LOCAL 98 PENSION FUND, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12CV00075 AGF |
| CPI CORP., et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiffs IBEW Local 98 Pension Fund ("IBEW Local 98") and George David ("Plaintiffs") filed this securities fraud action individually and on behalf of all other persons who purchased or otherwise acquired the publicly-traded common stock of CPI Corp. ("CPI") between April 20, 2010 and December 21, 2011, against Defendants CPI, Renato Cataldo, Dale Heins, and David Meyer, pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and 17 C.F.R. §240.10b-5 ("SEC Rule 10b-5") promulgated thereunder.  By Order dated August 3, 2012, Plaintiffs and their counsel were appointed as Lead Plaintiffs and Lead Counsel.  The parties thereafter stipulated to additional time for Plaintiffs to file the consolidated amended class action complaint, and as a result, no answers or other responses to the complaint have been filed.

Now before the Court is the parties' stipulation for the voluntary dismissal with prejudice of the of the action. Included in the stipulation is a request that the Court approve the dismissal, pursuant to Federal Rule of Civil Procedure 23(e).

At this juncture the class claims have not been certified. Prior to 2003, Rule 23(e) provided that "[a] class action shall not be dismissed or compromised without the approval of the court." Therefore, parties seeking class certification and preliminary approval of a class action settlement agreement were not allowed to stipulate to dismissal of an action without judicial approval; once an action was filed, the Court had the power to oversee the litigation. This rule had the benefit of protecting potential class members once litigation had begun and helped to assure adequate representation of class members who did not participate in reaching the proposed settlement.

However, Rule 23(e) was amended effective December 1, 2003. The amended rule allows parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified. Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."). The Advisory Committee Notes to the 2003 amendment explain that "[t]he new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise." Thus approval is not required if class allegations are withdrawn as part of a disposition reached before a class is certified, because in that case,

putative class members are not bound by the settlement.  *See Sample v. Qwest Commc'ns Co.*, 2012 WL 1880611, at *4 (D. Ariz. May 22, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that inasmuch as Court scrutiny for fairness in connection with the voluntary dismissal of the class claims is not required, the parties' request for such approval will be **DENIED**.  Except to the extent the Stipulation requests Court approval of the dismissal pursuant to Fed. R. Civ. P. 23(e), the parties' stipulation for Dismissal with prejudice is **GRANTED**.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2012.